UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR BROOKS and AUGUSTINE BROOKS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:14-CV-182 (CEJ) |
| THE STANDARD FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' motion to enforce settlement. Defendant has filed a response to the motion and the issues are fully briefed.

### I. **Background**

On June 7, 2009, plaintiffs Oscar and Augustine Brooks suffered a fire at their home and filed a claim with their insurer, defendant Standard Fire Insurance Company. In November 2009, defendant paid $17,900 in settlement for the partial fire loss. Plaintiffs allege that they suffered a total loss and filed this action to recover the full amount of coverage. At mediation on October 7, 2014, defendant agreed to pay plaintiffs an additional $50,000 and the parties signed a Mediated Settlement Agreement. A release agreement executed on October 29th provided that defendant would issue a check payable to plaintiffs and their counsel. On November 4th, counsel for defendant notified counsel for plaintiffs that Statewide Public Adjusting, Inc., (Statewide) had a lien on the claim and would be included on the settlement check, to be issued as soon as plaintiffs executed an amended release agreement. Plaintiffs refused to execute the amended release agreement. They filed this motion seeking

enforcement of the original agreement, arguing that the proposed addition of the lienholder to the check is a breach of that agreement.

## II. Discussion

A settlement agreement is a species of contract and, therefore, a meeting of the minds is required. B-Mall Co. v. Williamson, 977 S.W.2d 74, 77-78 (Mo. Ct. App. 1998) (citing Emerick v. Mutual Ben. Life Ins. Co., 756 S.W.2d 513, 518 (Mo. 1988) (*en banc*)). In determining whether a meeting of minds has occurred, the court looks at the objective manifestations of the parties. Id. at 78 (citing McDaniel v. Park Place Care Ctr., Inc., 918 S.W.2d 820, 827 (Mo. Ct. App. 1996)). A meeting of the minds is necessarily implied by the existence of a contract. Id. (citing L.B. v. State Committee of Psychologists, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995)). Here, the parties executed two agreements - the Mediated Settlement Agreement and a release agreement – evidencing their intent to settle the dispute for $50,000. Because plaintiffs move to enforce that agreement, they cannot argue that no agreement was reached. Thus, the issue is whether inclusion of the lienholder as a payee on the check invalidates the parties' agreement.

It is undisputed that all parties were aware of the lien at the time the Mediated Settlement Agreement was signed.[1] It is also undisputed that the agreement provided that plaintiffs would pay all liens. Thus, including Statewide as a payee on the settlement check does not breach the parties' agreement. See B-Mall Co., 977 S.W.2d at 79 (including lienholder as payee in settlement check did not breach settlement

---

[1]Statewide Public Adjusters was included as a payee in the 1009 checks defendant issued to plaintiffs.

agreement); Gaunt v. Shelter Mut. Ins. Co., 808 S.W.2d 401, 408 (Mo. Ct. App. 1991) (same); Croker v. Consol. Serv. Car Co., Inc., 365 S.W.2d 524, 531 (Mo. 1963) (inclusion of lienholders as payees proper to protect defendant against the rights of the lienholders).

Plaintiffs suggest that it is improper to include Statewide as a payee because they have a defense against Statewide's lien. Plaintiffs bear the burden to clear that lien and defendant is not obliged to expose itself to liability to Statewide while plaintiffs attempt to do so.

The court finds that the parties have an enforceable agreement to settle their dispute and that the inclusion of lienholder Statewide as a payee on the settlement check does not invalidate the agreement. The court further finds that defendant is not obligated to tender payment to plaintiffs until they execute the amended release reflecting Statewide as a payee. Plaintiffs' request for attorneys fees for bringing the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to enforce settlement omitting lienholder as a payee [Doc. #36] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **December 30, 2014**, to file a stipulation for dismissal of this matter. Failure to comply will result in the dismissal of this action with prejudice.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2014.